IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS SPRINGS,

    Plaintiff,

v.                                     CASE NO. 3:17-cv-400-LC-GRJ

ELIZABETH M TIMOTHY,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a inmate at Santa Rosa CI, initiated this case by filing pleadings construed as a civil rights case. ECF Nos. 1, 3 (motion and supplemental motion for leave to proceed as a pauper); ECF No. 1 (motion/"emergency request" seeking preservation of evidence). Plaintiff has failed to fully complete the Court's civil rights complaint form. *See id*. Because it is clear that this case is due to be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar, the Court will not require Plaintiff to correct this deficiency.

Plaintiff's initial pleading (the IFP motion, ECF No. 1) was docketed on June 6, 2017, and is marked "emergency" and "imminent danger of serious physical injury." The pleading construed as the "complaint", ECF No. 4, is also marked as an "emergency" motion. Plaintiff's claims are

somewhat incoherent, but he appears to accuse Defendants, including three judges of this court and their law clerks, of failing to grant his motions to preserve evidence of alleged inmate abuse that Plaintiff raised in previous lawsuits. Plaintiff also nominally identifies 20 named and unnamed prisoner officials as Defendants, but again his claim is that Defendants have failed to preserve evidence allegedly documenting the use of force against him. *See* ECF Nos. 1, 3, 4.

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Springs v. Starling*, Case No. 3:11-cv-336-J-99TJC-MCR (M.D. Fla. Apr. 13, 2011)(dismissing the case under 28 U.S.C. § 1915(g) because Plaintiff had three strikes and recounting cases that qualify as strikes. Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d

1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

    Liberally construed, Plaintiff's allegations of imminent danger are too

vague and conclusional to overcome the three strikes bar. First, any claims against the judges of this Court and their personal staff are due to be dismissed because they do not pertain to any imminent danger and a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). There are no allegations suggesting that Plaintiff's claims fall within any exception to this immunity doctrine. Second, Plaintiff's allegations, even liberally construed, do not assert a cognizable claim for relief against any other defendant. Plaintiff has alleged no specific facts suggesting that any of the named Defendants are liable to him for a violation of his constitutional rights, and that he faces an imminent danger if he is not allowed to proceed *in forma pauperis* with this case.

Accordingly, the Court concludes that Plaintiff is barred by the three-

strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's right to file a *completed* complaint form that contains sufficient factual allegations to show that plaintiff can satisfy the imminent-danger exception *and* can assert cognizable § 1983 claims against non-immune defendants.

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 8th day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**